IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 3:22-cr-21-RAH |
| ) | |
| PHILLIP A. WEATHERSPOON ) | |

**MEMORANDUM OPINION and ORDER**

Pending before the Court is the Second Unopposed Motion to Continue Trial (Doc. 19) filed by Defendant Phillip A Weatherspoon on September 7, 2022. Jury selection and trial are currently set in this case on the term of court commencing on October 3, 2022. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the seventy-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." §3161(h)(7)(A). In granting such a continuance, the Court may consider, among other

factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

Defense counsel requests a continuance during the pendency of the Defendant's application for pretrial diversion. Thus, it is clear additional time is necessary for the Government to consider the application and for counsel to pursue negotiations. The United States does not oppose a continuance.

For good cause, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, it is

ORDERED as follows:

(1) The Motion to Continue (Doc. 19) is GRANTED.

(2) Jury selection and trial are CONTINUED from October 3, 2022, to the next criminal term of court commencing on **February 6, 2023 at 10:00 a.m.** in Opelika, Alabama. All deadlines tied to the trial date are adjusted accordingly.

(3) The United States Magistrate Judge shall conduct a pretrial conference prior to the February 2023 trial term.

DONE, on this the 14th day of September, 2022.

/s/ R. Austin Huffaker, Jr.
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE